IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE MOORE AND KIMBERLY MOORE, | CIVIL ACTION |
| Plaintiffs, | |
| v. | NO. 14-3113 |
| STATE FARM FIRE AND CASUALTY COMPANY, | |
| Defendant. | |

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant State Farm Fire and Casualty Company's ("State Farm") Motion To Dismiss Pursuant To Rule 12(b)(6). State Farm seeks to dismiss paragraph thirty-nine of the Amended Complaint which alleges that State Farm committed "bad faith" pursuant to 42 Pa.C.S.A. § 8371 based, in part, on State Farm's violation of the Pennsylvania Unfair Insurance Practices Act, 40 P.S. § 1171.2 (the "UIPA"). State Farm also seeks dismissal of Count III, which alleges a claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 71 P.S. § 201-1, *et seq*. ("UTPCPL"), both because it fails to plead sufficient facts to state a claim, and because it is barred by the "economic loss doctrine."

A. The UIPA

Count II of the Amended Complaint alleges a bad faith claim. In paragraph thirty-nine, it alleges in support of that claim that State Farm violated the UIPA. Plaintiff Moore does not purport to state a claim under the UIPA, but contends that State Farm's alleged violation of the

1

UIPA is evidence of bad faith.  State Farm does not seek to dismiss the bad faith count, but rather asks that paragraph thirty-nine be "dismissed."  That request is more properly viewed as a motion to strike, under Fed. R. Civ. P. 12(f) rather than a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and the Court will treat it accordingly.  *Fisher v. Borough of Doylestown*, No. 02-4007, 2003 WL 22134790, at *5 n.5 (E.D. Pa. May 30, 2003); *See Howmedica Osteonics Corp. v. Zimmer, Inc.*, No. 05-897, 2006 WL 2583275,  at *2 (D.N.J. Sep. 5, 2006) (court should not deny an otherwise proper motion merely because a party has styled it inaccurately).  Motions to strike "'are not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues.'" *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp.2d 525, 527-28 (E.D. Pa. 2013) (quotation omitted).

      The Pennsylvania bad faith statute, 42 Pa.C.S.A. § 8371, does not provide a standard for measuring bad faith.   Prior to the Pennsylvania Superior Court's decision in *Terletsky v. Prudential Prop. & Cas. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994), Pennsylvania courts looked to the terms of the UIPA for guidance as an indication whether insurer conduct constituted bad faith.  *See*, *e.g.*, *Romano v. Nationwide Mut. Fire Ins. Co.*, 646 A.2d 1228, 1233 (Pa. Super. 1994).  *Terletsky* established a test for insurer bad faith:  An insured seeking to establish bad faith must prove: (1) that the insurer did not have a reasonable basis for denying benefits under the policy; and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis in denying the claim.  *Terletsky*, 649 A.2d at 688.  It is the *Terletsky* standard not the *Romano* rubric, which is now applied to measure bad faith.  *See, e.g. Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 (3d Cir. 2005); *UPMC Health Sys. v. Metropolitan Life Ins. Co.*, 391 F.3d 497, 505-06 (3d Cir. 2004); *Klinger v. State Farm Mut. Ins. Co.*, 115 F.3d 230,

233-34 (3d Cir. 1997); *Dinner v. United Serv's Auto Ass'n Cas. Ins. Co.*, 29 Fed. App'x. 823, 827-28 (3d Cir. 2002). Thus, a violation of the UIPA does not *per se* constitute bad faith. *Dinner*, 29 Fed App'x at 827; *Oehlman v. Metropolitan Life Ins. Co.*, 644 F. Supp.2d 521, 531 (M.D. Pa. 2007). Nor does the fact conduct violates the UIPA prevent the conduct from also being evidence of bad faith. *Employers Mut. Ins. Co v. Loos*, 476 F. Supp.2d 478, 493 (W.D. Pa. 2007). Instead, the question is whether the particular conduct (that may or may not violate the UIPA) is relevant to show that the insurer lacked a good faith basis for denying benefits and knowingly or recklessly disregarded that fact. *Dinner,* 29 Fed. App'x at 827; *see Northwestern Mut. Life,* 430 F.3d at 137; *Klinger,* 115 F.3d at 233-34.

Based on these principles, the Court will not conclude at this juncture, that evidence regarding conduct that allegedly violated the UIPA "ha[s] no possible relation to the controversy" or evaluate the extent to which it "may cause prejudice to one of the parties." *Tubman v. USAA Cas. Ins. Co.*, 943 F. Supp.2d 525, 527-28 (E.D. Pa. 2013). Accordingly, the allegations of Paragraph 39 remain.

B. **Count III**

In Count III of the Amended Complaint, Moore pursues a claim under the UTPCPL. Moore's allegations are conclusory and fail to specify what provision of the UTPCPL it contends State Farm violated or what conduct violated that provision. It does not meet the required standard that it must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is therefore inadequate to state a claim and subject to dismissal under Fed. R. Civ. P. 12 (b)(6).[1]

---

[1] This is State Farm's second motion to dismiss. At a prior hearing in this case, the Court granted Moore the opportunity to replead her claim.

Moore's UTPCPL claim, however, also is subject to dismissal with prejudice on the merits because it is barred by the economic loss doctrine. That doctrine "'prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from a contract.'" *Werwinsky v. Ford Motor Co.*, 286 F.3d 661, 671 (3d Cir. 2002) (quoting *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 618 (3d Cir. 1995)).[2]  It is "designed to . . . establish clear boundaries between tort and contract law." *Id*. at 680-81. The economic loss doctrine bars claims:

> "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract."

*Pesotine v. Liberty Mut. Group, Inc.*, No. 3:14-784, 2014 WL 4215535, at * 4 (M.D. Pa. Aug. 25, 2014) (quoting *Reed v. Dupuis*, 920 A.2d 861, 864 (Pa. Super. 2007)). The conduct that Moore alleges violates the UTPCPL is that State Farm was incorrect when it determined only ten gallons of water were used on her home. Complaint ¶ 29. She also alleges that State Farm "refuses, without reasonable basis, to pay for [various elements of her home and personal property] although same w[ere] visibly and clearly damaged as a result of the fire." *Id.* Those allegations are "inextricably intertwined" with State Farm's failure to pay the amounts Moore asserts are due under her insurance policy. *Pesotine*, 2014 WL 4215535, at *4. Under Pennsylvania law, with the exception of her statutory bad faith claim, Moore's recovery must

---

[2] The Pennsylvania Supreme Court has not ruled on whether the economic loss doctrine can bar a UTPCPL claim. In *Werwinsky*, however, the Third Circuit predicted how the Pennsylvania Supreme Court would decide the issue. This Court is bound by the Third Circuit's decision.

4

come from the law of contract and not from the law of torts.  *Werwinsky*, 286 F.3d at 671; *Pesotine.* 2014 WL 4215535, at *3.[3]  Accordingly, Count III shall be dismissed with prejudice.

    **DATE 02/03/15**                **BY THE COURT:**

                                                **/S/ WENDY BEETLESTONE, J.**

                                                **WENDY BEETLESTONE, J.**

---

[3] Even to the extent that Moore means to allege intentional misrepresentations by State Farm, those allegations too are subject to the economic loss doctrine.  *Werwinsky*, 286 F.3d at 681.